FILED
IN CLERKS OFFICE
2019 FEB 25 PM 1:25
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Michelle Lynne Kosilek
   Plaintiff
   v.
Carol Mici, Massachusetts'
Commissioner of Correction
   Successor Defendant

Civil Action No. 18-11838 ADB

## PLAINTIFF'S MOTION TO STRIKE

Now comes the plaintiff and moves this Honorable Court to strike defendant's answer to the complaint, and jury demand, pursuant to FRCP 12(f), as non-responsive and disingenuous, redundant, immaterial and impertinent. To that end, plaintiff offers the following:

Defendant acknowledges the Criminal Justice Reform Act with it's transgender rights mandate, yet refuses to do so regarding Mass. Division of Ins. Bulletin 2014-03 and 45 CFR § 92.206-07, both referenced in the Jurisdiction section of the Complaint, as binding regulations that prohibit limitations on transition-related healthcare for transgender patients. This omission is exactly the kind of legal sleight-of-hand that plaintiff

has alluded to in her pleadings. The deception begins in the opening paragraph, continuing through Affirmative Defense #15.

Further proof of this claim — and all of defendant's other diversions — are defendant's repeated references to the need for findings of fact and conclusions of law, on issues already decided by this Honorable Court — Mark L. Wolf, D.J. presiding[1] — or proved by plaintiff's exhibits. The fraud that led to a reversal of Judge Wolf's findings is memorialized in Exhibit 1(a) attached to the Complaint. Defendant's refusal to acknowledge proven facts is the epitome of FRCP Rule 12(f)'s reasons for striking a pleading; redundant, immaterial, and impertinent: this Honorable Court is more qualified to decide if it is scandalous[2], too.

Defendant's numerous Affirmative Defenses are equally impertinent, a too-familiar shotgun blast defense of issue and claim preclusion, failure to exhaust remedies etc., the most ludicrous being a Doctrine of Laches claim against a plaintiff who has never paused in her pursuit of equal protection under law since her initial filing in November of 1992. Furthermore, plaintiff's documentary evidence confirms all her claims, leaving nothing in dispute[3], which should allow this civil

action to be resolved with a Motion For Summary Judgment—FRCP Rule 56—thereby saving all concerned a great deal of time and money, while achieving a just result.

In closing, plaintiff urges this Honorable Court to take notice of the attached article by Michael Levenson, Boston Globe, dated January 25, 2019; Transgender Inmate Moved To Women's Prison, referencing the plaintiff Jane Doe. Plaintiff Michelle Lynne Kosilek has now begun the same evaluation process that led to Jane Doe's transfer. Plaintiff has been recommended for transfer to the women's prison by the Gender Dysphoria Committee. Plaintiff is now awaiting approval from Commissioner Carol Mici, which would drastically alter the focus of this civil action.

As the Department of Correction acknowledged in the Globe article, they intend to comply with the Criminal Justice Reform Act. Plaintiff believes that such compliance should lead to an affirming security review, as she has been classified as Minimum Security for more than twenty years, yet retained in Medium Security due to the Commissioner's Override which has prevented all prisoners with life sentences from being transferred to Minimum ever since the Willie Horton incident.

Former DOC Commissioner Luis Spencer called plaintiff a "model prisoner" in his testimony before Judge Wolf, and plaintiff's prison record certainly indicates that she has never been a management problem, and would likely be less problematic than some of the other fifty-four women serving life sentences at Framingham. (Ex. 17) And as someone previously in charge of Classification, Commissioner Mici should be aware of plaintiff's excellent, non-violent adjustment.

So this civil action can easily be resolved if Ms. Mici approves the Gender Dysphoria Committee's recommendation, allowing plaintiff to transfer to Framingham, with a surgical readiness evaluation to be conducted by a qualified gender specialist after a reasonable period of successful adjustment, no longer than six months.

Accordingly, plaintiff moves this Honorable Court to strike all of defendant's Answer and Jury Demand as an insufficient pleading, and take the above-offered solution under advisement.

Respectfully Submitted
Michelle Lynne Kosilek
Michelle Lynne Kosilek Pro Se

Footnotes
1. On November 19, 2012 Judge Wolf ordered counsel for plaintiff to file Kosilek III, and ordered that all the court's findings would be admissible.
2. Pet Edge Inc. v Yahee Techs Corp. 2017 District of MA. (Burroughs, DJ.) Lexis 66663
3. FDIC v Gladstone 44 F.Supp 2d 81, 85 (1999 D. Mass Gertner, DJ.) citing FDIC v Eckert, Seamans, Cherin & Mellott 754 F.Supp 22, 23 (E.D. NY. 1990)