Honorable Mark L. Wolf                                                                                               2-27-19
United States District Court
One Courthouse Way                        Re: 18 cv 11838 ADB
Boston, MA  02210                               Kosilek v Mici

Dear Judge Wolf,

   This is not a motion, as plaintiff cannot find any legal remedy for a dilemma of this nature. The plaintiff is simply asking the Honorable Court, in the interest of economy and fair play, to fulfil it's promise to assume responsibility for resolving this twenty-seven year journey of painful frustration, in the arena where it was unlawfully derailed. (see colloquy at the end of the hearing, November 19, 2012) Upon hearing that plaintiff's facial hair removal had been stopped based on cost rather than lack of medical necessity, this court ordered plaintiff's counsel to file Kosilek III as an alternative to allowing plaintiff's motion to have the court's surgery mandate amended. The court also ruled from the bench that all the evidence and findings of the court from Kosilek I and II would be admissible in Kosilek III, and that Kosilek III would be assigned to the same finder of fact.

   Despite paying two experts familiar to the court to once again

evaluate the plaintiff's current need for treatment. (see attached evaluation of George R. Brown, M.D.)[1] counsel for the plaintiff never filed Kosilek III. When plaintiff filed it pro-se, it was assigned to a different finder of fact, the Honorable Allison D. Burroughs. A fine jurist, Judge Burroughs is starting from scratch in a potential marathon of Machiavellian cunning that has a good chance of not being resolved before plaintiff dies. Plaintiff's initial filing in 1992 was a more hopeful endeavor, as she was 41 when she began seeking treatment. In April, plaintiff will turn 70, no longer blessed with the luxury of time, certainly not time to start this process anew.

Plaintiff is confused, frightened and depressed at the prospect of being without counsel, and being compelled to extemporaneously describe her thoughts and emotions in open court. This Honorable Court has witnessed the pitiful, weeping display that can ensue, rendering plaintiff incoherent at times. But with none of the firms on the pro bono panel stepping forward, plaintiff is faced with being a useless self-advocate, and possibly

creating bad case-law that will negatively impact other women like the plaintiff. As a very real possibility, this is doubly troubling now that state and federal health care regulations — MA Division of Insurance Bulletin 2014-03 and 45 CFR §92.206-07 — mandate complete transitional health care, prohibiting limitations on surgeries. The closest plaintiff has come to securing counsel is from a lawyer at Goodwin Procter, who later reneged. (see enclosed e-mails)[2]

    Plaintiff has been recommended by the defendant's contract Mental Health staff for transfer to the women's prison, pursuant to M.G.L. c127 §32A, but was recommended by a Classification Board[3] at MCI-Norfolk this week to remain at Norfolk, a male prison. This too-familiar exemplar of business-as-usual, combined with defendant's refusal to even acknowledge the above-referenced health care mandates in the Jurisdiction section of plaintiff's complaint when they filed an Answer weeks after the court was notified of their default (default on 12-12-18, Motion To Enlarge on 1-7-19) are frighteningly predictable as the vanguard of yet another years-long pattern of denial, delay and deceit, memorialized by

Page 4

the court's 2012 decision. In the hope of avoiding additional years of plaintiff's painful existence being denied as "de minimus" or "no atypical and significant hardship in relation to ordinary incidents of prison life" (Affirmative Defenses #14, #15, Def's Answer) plaintiff implores the court to take whatever steps are required to fulfil the promise of the finder of fact on November 19, 2012, returning this civil action to where it began.

CC Honorable Patti B. Saris - chief Judge
   Honorable Allison D. Burroughs

enclosures: 1. Evaluation by Dr. Brown
            2. emails from Ashley Moore
            3. Classification Report

Respectfully Submitted
Michelle Lynne Kosilek

Michelle Lynne Kosilek Pro-Se
Box 43
Norfolk, MA 02056