UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2019 MAY 16 PM 12:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

Michelle Lynne Kosilek
Plaintiff
v.
Carol Mici, Commissioner
Massachusetts Dept. of Correction
(Successor Defendant, FRCP No. 25(a))

CA No. 18-11838 ADB

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DEFER

Now comes the plaintiff in the above-captioned civil action, and opposes defendant's Motion To Defer (Document 37) filed on May 9, 2019. In support thereof, plaintiff offers the following:

1. Defendant has had access to the Complaint (and the plaintiff) since it was filed in the last week of August; yet no attempt by the defendant to depose plaintiff has been made, while plaintiff has played all her cards: There is nothing left to discover.[1]

2. Local Rule 56.1 clearly states that all facts claimed by movant will be deemed to be admitted unless controverted by the opposing party; the rule also allows the movant to respond to any filing.

3. Plaintiff's facts are all related to her right to complete transitional health care for gender dysphoria, including gender affirming surgery.

---

[1] Except for the response of the Dept of Justice to plaintiff's Motion For Summary Judgment as part of her complaint of denial of treatment pursuant to 45CFR92.206-07 (see Exhibit E)

4. Plaintiff's Motion For Summary Judgment seeks only a ruling on her right to gender-affirming surgery, one of her original three prayers for relief; i.e., partial summary judgment.

5. Whatever claims of "genuine issues of material fact" that defendant's counsel alluded to (Par. 6 - Affidavit of Jennifer M. Staples) should have been opposed with counterclaims by the 21-day deadline, yet counsel simultaneous to this claim requested more time to discover evidence she claimed to have.

6. Defendant does not get to abuse the FRCP in this manner, hinting that "genuine issues of material fact remain as to the allegations contained in plaintiff's complaint", without identifying any issues, then asking for time to find them.

7. All the facts relevant to plaintiff's Motion For Summary Judgment are contained in documents presented to the Court, and all were generated by the defendant, other government entities, or employees of the defendant's medical/mental health contractors. The sole exception is Judge Wolf's Memorandum (Ex. 1(a)-Complaint) confirming the fraud that allowed plaintiff to refile pursuant to Montana v U.S. None of those facts are disputable, and the Wolf Court Memorandum alone defeats a claim of res judicata.

8. Considering plaintiff's limited goal, defendant's pursuit of a deferment to discover further evidence seems disingenuous in light of the DOJ's current investigation of denial of healthcare.[1] And the 2009 Advisory Committee Amendments allow the movant "to move for summary judgment at any time, even as early as the commencement of the action." 45 CFR §92.206-07 precludes further discovery.

9. The Advisory Committee's 2010 Amendments also referenced the change to the first sentence of 56(a) "Partial Summary Judgment" being added for clarity, and returning the word "shall... to express the direction to grant summary judgment", which was temporarily removed in 2007, leading to confusion.

10. Defendant has also disingenuously cited Vargas-Ruiz v Golden Arch Dev., Inc. 368 F.3d 1,3 (1st Cir. 2004) as a time line justification, when the defendant and the Court have all the relevant evidence, and nothing of relevance remains to be discovered regarding plaintiff's single prayer for relief, the gender-affirming surgery that she is legally entitled to pursuant to 45 CFR §92.206-07.

For these reasons, plaintiff opposes defendant's Motion To Defer.

May 15, 2019

Respectfully Submitted
Michelle Lynne Kosilek
Michelle Lynne Kosilek Pro-Se

Mr. Robert M. Farrell, Clerk
United States District Court
One Courthouse Way
Boston, MA 02210

FILED
IN CLERKS OFFICE

2019 MAY 16 PM 12:20

U.S. DISTRICT COURT
DISTRICT OF MASS.

May 15, 2019

Re: Kosilek v Mici (Successor Defendant)
18 cv 11838 ADB

Dear Mr. Farrell,

Enclosed for filing in the above-referenced civil action are the following:

1. Plaintiff's Opposition To Defendant's Motion To Defer.
2. Exhibit E ('e-mail chain)
3. Certificate of Service.

Thank you for your assistance in this matter.

Respectfully
Michelle Lynne Kosilek
Michelle Lynne Kosilek Pro-Se

Certificate of Service

Plaintiff mailed a copy of the enclosed on May 15, 2019, by First Class Mail to: Jennifer M. Staples, counsel for defendant at the following address.
Jennifer M. Staples - Legal Division
Department of Correction
70 Franklin St. Suite 600
Boston, MA 02110-1327