Mr. Robert M. Farrell, Clerk                                      May 16, 2019
United States District Court
One Courthouse Way
Boston, MA 02210                    Re: Kosilek v Mici  18cv11838ADB
                                        Corrected Submission

Dear Mr. Farrell,

  Enclosed for filing with plaintiff's apology, is a corrected page 3 of Plaintiff's Motion In Opposition, recently filed. Please replace page 3 in the file with the enclosed. The page that was submitted was an incomplete draft, and the plaintiff's filing deadline to respond has not yet arrived. Only change is the last line.

                                        Respectfully,

                                        Michelle Lynne Kosilek


Certificate of Service

  Plaintiff mailed a copy of the enclosed on May 16, 2019 by First Class Mail to: Jennifer M. Staples, counsel for defendant at the following address:
  Jennifer M. Staples - Legal Division
  Department of Correction
  70 Franklin St. Suite 600
  Boston, MA 02110-1327

FILED IN CLERKS OFFICE
2019 MAY 20 PM 1:35
U.S. DISTRICT COURT
DISTRICT OF MASS.

8. Considering plaintiff's limited goal, defendant's pursuit of a deferment to discover further evidence seems disingenuous in light of the DOJ's current investigation of denial of healthcare.[1] And the 2009 Advisory Committee Amendments allow the movant "to move for summary judgment at any time, even as early as the commencement of the action". 45CFR§92.206-07 precludes further discovery.

9. The Advisory Committee's 2010 Amendments also referenced the change to the first sentence of 56(a) "Partial Summary Judgment" being added for clarity, and returning the word "shall... to express the direction to grant summary judgment", which was temporarily removed in 2007, leading to confusion.

10. Defendant has also disingenuously cited Vargas-Ruiz v Golden Arch Dev. Inc. 368 F.3d 1, 3 (1st Cir. 2004) as a timeline justification, when the defendant and the court have all the relevant evidence, and nothing of relevance remains to be discovered regarding plaintiff's single prayer for relief, the gender-affirming surgery that she is legally entitled to pursuant to 45CFR §92.206-07.

Pursuant to FRCP 56(h), plaintiff moves to deny defendant's Motion To Defer.

May 15, 2019

Respectfully Submitted
Michelle Lynne Kosilek
Michelle Lynne Kosilek Pro-Se