UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-cv-11838-ADB

MICHELLE LYNNE KOSILEK
      Plaintiff
V.

THOMAS A. TURCO, III
      Defendant

## DEFENDANT'S STATUS REPORT

Defendant, through counsel, respectfully submits the following procedural history and status report pursuant to the Court Order dated October 11, 2019.

On August 27, 2018, plaintiff filed the instant matter pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, 2202, and C.F.R. § 92-206, 7, alleging violations of her constitutional rights under the Eighth and Fourteenth Amendments.  (Docket No. 1).  Specifically, plaintiff's Complaint seeks declaratory and injunctive relief, requesting that this Court order defendant to immediately transfer plaintiff to MCI-Framingham, a female facility, and to have the defendant immediately order the contracted medical provider to schedule gender-affirming surgery for plaintiff.  (See, Complaint).  On February 11, 2019, defendant filed an Answer to plaintiff's Complaint.  (Docket No. 26).  On April 23, 2019, plaintiff filed a Motion for Summary Judgment.  (Docket No. 34).  On May 9, 2019, defendant filed a Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment.  (Docket No. 37).  That Motion is still pending.

With regard to plaintiff's status at the Department of Correction (Department), a security review was held on March 19, 2019, regarding the Gender Dysphoria (GD) Treatment Committee's recommendation that plaintiff, Michelle Kosilek, who was being

1

housed at MCI-Norfolk, a male facility, be transferred to MCI-Framingham, a female facility.  The Department follows 103 DOC 652, *Identification, Treatment and Correctional Management of Inmates Diagnosed with Gender Dysphoria,* for medical and mental health treatment recommendations concerning inmates who have been diagnosed with gender dysphoria, such as plaintiff.  Pursuant to 103 DOC 652, all recommendations for GD treatment made by the medical and mental health staff for Wellpath, the medical vendor contracted by the Department, are reviewed by the GD Treatment Committee to ensure that the treatment recommendations are clinically appropriate and medically necessary. 103 DOC 652.03(C)(1).  In the event that a treatment recommendation is made that might potentially present overwhelming security, safety, or operational difficulties within the correctional environment, the Director of Behavioral Health will refer the treatment recommendation to the Deputy Commissioner of the Prison Division and the Deputy Commissioner of Clinical Services and Reentry for a security review. 103 DOC 652.08.  The security review takes into account various factors, including the inmate's past criminal behavior, the inmate's individual history of incarceration, and present circumstances.  Based upon that review, the Deputy Commissioner of the Prison Division and the Deputy Commissioner of Clinical Services and Reentry make a recommendation to the Commissioner as to whether the GD treatment recommendation presents overwhelming security, safety or operational difficulties for the Department.

      The security review and recommendation is then forwarded to the Commissioner of Correction for final review. If the Commissioner determines that the treatment recommendation presents overwhelming security, safety or operational difficulties,

he/she will articulate specific and justifiable reasons for the denial of the recommended treatment, based on his/her overwhelming security, safety and/or operational concerns, in writing.  103 DOC 652.08.     If the GD Treatment Committee determines that no clinical alternatives are viable, the Commissioner will provide articulate, specific and justifiable reasons, in writing, for the denial of the recommended treatment, based on his/her overwhelming security, safety and/or operational concerns.  As such, under the GD policy, the Commissioner of Correction is charged with making the final decision with regard to GD treatment recommendations that present significant safety, security or operational risks.  103 DOC 652.08.

On April 19, 2019, Deputy Commissioner Fallon and Deputy Commissioner Gaffney submitted a Security Review Report to Commissioner Mici regarding the GD Treatment Committee's recommendation concerning Ms. Kosilek.  On May 13, 2019, Commissioner Mici approved Ms. Kosilek's transfer to MCI-Framingham.

Ms. Kosilek was transferred to MCI-Framingham on September 9, 2019.  She is currently being housed in the New Line Unit, which is a double- bunked unit, and has a capacity of sixty-four (64) inmates.  The New Line Unit normally houses newly sentenced inmates and those "stepping-down" from the Closed Custody Unit ("CCU").  At this time, the New Line Unit houses inmates in Pathway 1, Life in Recovery.  These inmates are generally lower risk and need fewer interventions.  It is considered a general population housing unit.  Ms. Kosilek is housed in a cell without a cellmate, with the understanding that she could have a cellmate in the future.

Ms. Kosilek's transfer was uneventful.  At this time, she is doing well at MCI-Framingham.  There have been no issues between Ms. Kosilek and other inmates.  She

had her initial classification board, during which her COMPAS assessment was completed. Ms. Kosilek scores as Pathway 2, Building Positive Connections. She has also expressed an interest in working in industries full time.

Given the recent change in circumstances, no discovery has taken place to date. Defendant anticipates filing a Motion to Dismiss or a Motion for Summary Judgment in this matter in the near future.

Dated:  October 17, 2019

          Respectfully submitted,
          NANCY ANKERS WHITE
          Special Asst. Attorney General

          /s/ Jennifer M. Staples
          Jennifer M. Staples, Counsel
          BBO# 631399
          Department of Correction Legal Division
          70 Franklin Street, Suite 600
          Boston, Massachusetts 02110
          (617) 727-3300, Ext. 1144
          Jennifer.Staples@DOC.state.ma.us

## CERTIFICATE OF SERVICE

I, Jennifer M. Staples, counsel for defendant, hereby certify that on October 17, 2019, I served a copy of the forgoing document on the plaintiff, by first class mail, postage prepaid, to her address below, and on all other parties through the Court's electronic filing system (ECF).

Michelle Lynne Kosilek, Pro Se
99 Loring Drive
Framingham, MA  01702


Dated: 10/17/2019          /s/ Jennifer M. Staples
          Jennifer M. Staples