UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2022 JUN -8 AM 11: 21

S. DISTRICT COURT
DISTRICT OF MASS.

Michelle Lynne Kosilek )
Plaintiff )
 )
v )  Civil Action No. 18-11838DLC
 )
Carol A. Mici )
Commissioner of Correction )
Defendant )

### PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Now comes the plaintiff in the above-referenced Civil Action and moves the Honorable Court to enjoin defendant from placing the plaintiff in a double or triple cell, pursuant to the mandate of the First Circuit Court of Appeals – sitting En Banc – in Kosilek v Spencer 774F3d63 (2014). Plaintiff petitioned the United States Supreme Court, and Certiorari was denied.

### ARGUMENT

A Circuit Court ruling that has been denied Certiorari by the United States Supreme Court can be assumed to have the tacit approval of that august body. In any case, it becomes case law in the Circuit, and is therefore inviolable. Furthermore, it was the defendant's Security Report regarding their concerns for the physical and emotional wellbeing of the plaintiff and others following plaintiff's gender affirming surgery that led to the En Banc panel's decision to decide defendant's appeal De Novo, overturn Judge Wolf's ruling and delay plaintiff's surgery for seven years!

Defendant had argued that the emotional fragility of the women at Framingham could be exacerbated if any of them were double-celled with plaintiff. Many of these women have been in abusive relationships, both physical and sexual, with men.

1

Kosile v Mici     June 1, 2022

Unfortunately, many of them also see the plaintiff as male. Plaintiff has experienced some of this fear in the form of false claims against the plaintiff, such as being afraid to shower when plaintiff showers with the curtain open. No transgender woman who has not yet had corrective surgery would do such a thing. Because of these possibilities, the defendant was also concerned – rightly so – for plaintiff's safety. The First Circuit agreed that these concerns were valid, agreeing that the plaintiff needed to bee single-celled, even after her surgery. The defendant is now trying to disagree.

On March 23, 2022, plaintiff was moved to New Line housing unit, and was told that she would be double-celled, with a transgender man. Plaintiff told staff about the mandate of Kosilek v Spencer 774F3d63 (2014). A lieutenant claimed that he had personally spoken to the Commissioner who had denied that I needed to be housed alone. While we were talking, a woman, whose cell-partner has just left offered to let me move in with her. Staff agreed, and I was told that the alternative was being placed in Segregation for refusing a cell assignment. I reluctantly moved into her cell, and later learned that she was a sex offender. Plaintiff's PTSD, which is well-documented, is the result of two years of being raped weekly by plaintiff's grandfather, with her grandmother's approval. When the sex-offender (sex with a minor child) was moved to another housing unit last week, plaintiff reminded Deputy Superintendent Lynn Lizotte of the requirements of the 774F3d ruling; Deputy Lizotte said, "You are not on my list for single cells." When she agreed that she was familiar with the Kosilek v Spencer ruling, she added, "I will talk to DOC Legal."

When plaintiff met with the Governor's Commission on Health & Safety of LGBTQ prisoners recently, (on Zoom, as I am a consultant of theirs) the co-chair of the

Kosile v Mici        June 1, 2022

Commission who happens to be a Deputy Commissioner of the DOC, told plaintiff, in the presence of others, that no one from MCI-Framingham has contacted the Commissioner's Office about plaintiff's single-cell requirement.

Accordingly, plaintiff moves the Honorable Court to enjoin the defendant and all of her employees from violating the mandate of Kosilek v Spencer 774F3d63 (2014).

Respectfully Submitted,

*Michelle Lynne Kosilek*

Michelle Lynne Kosilek, Pro Se

3

Certificate of Service
The above were sent by First Class Mail
To Atty Mary Eiro-Bartvyan, DOC Legal Division
50 Maple St, Suite 3
Milford, MA  01757

And to  70 Franklin St., Suite 600
Boston, MA  02110-1327