UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE LYNNE KOSILEK,<br><br>          Plaintiff,<br><br>v.<br><br>CAROL MICI, Massachusetts<br>Commissioner of Correction,<br><br>          Defendant. | No. 18-cv-11838-DLC |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 96)**

Cabell, U.S.M.J.

## I.   INTRODUCTION

Plaintiff Michelle Lynne Kosilek, a transsexual female, is serving a life sentence in the Massachusetts state prison system. For many years, and through previous lawsuits, Kosilek sought gender-affirming surgery from the Department of Corrections (DOC) for her gender dysphoria. In 2018, when Kosilek was housed at MCI-Norfolk, she commenced this action, alleging that, under regulations implemented by the federal Department of Health and Human Services in 2016 and subsequent treatment protocols for transgender prisoners, she was entitled to her gender-affirming surgery. Kosilek did not seek damages; rather, she requested a declaratory judgment that the defendant's acts and omissions violated her constitutional rights and injunctive relief ordering

her transfer to MCI-Framingham, a female facility, and the scheduling of her surgery.

During the pendency of this suit, Kosilek was transferred to MCI-Framingham on September 9, 2019. Further, she received gender-affirming surgery through DOC providers on August 31, 2021. Subsequently, the DOC moved for summary judgment on the basis that there is no longer a live controversy before the court. (Dkt. No. 96).

While the plaintiff does not dispute that she obtained her transfer and surgery, she argues that this case should not be terminated without the state compensating her for the costs and fees of bringing this action. She also argues that the case should remain open to address the DOC's alleged violations of other transgender prisoners' rights.[1]

For the reasons stated below, the court finds that there is no live case or controversy on the current record. Accordingly, the court DENIES the Commissioner's Motion for Summary Judgment as moot.

II. **DISCUSSION**

Although the DOC's motion is for summary judgment, the lack

---

[1] The plaintiff has attempted to inject additional issues into this case through her motion to amend the complaint (Dkt. No. 100) and motion for injunctive relief (Dkt. No. 103). This court denied those motions because adding those claims to this case would cause undue delay and because the plaintiff failed to establish standing to advance certain claims on behalf of other female and/or transgender prisoners. [Dkt. No. 106]. While the court does not endorse the viability of the plaintiff's non-third-party claims, it notes that she can more appropriately raise them in a new suit.

2

of a live case or controversy is first and foremost a jurisdictional matter. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)) ("A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts."); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties . . . elect not to press."). "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *J.S. v. Westerly Sch. Dist.*, 910 F.3d 4, 9 (1st Cir. 2018) (internal quotations omitted). "A party lacks a legally cognizable interest in the outcome of a case if [the court is] not capable of providing any relief which will redress the alleged injury." *Id.* (internal quotations omitted). If a case becomes moot at any point during litigation, "the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013).

    In her complaint, Kosilek asked only for a permanent injunction for her immediate transfer to MCI-Framingham; a permanent injunction directing the Commissioner to direct the

3

contracted medical provider to schedule plaintiff's gender-affirming surgery; and a declaratory judgment that the DOC's previous acts regarding her transgender status violated her state and federal constitutional rights. [Dkt. No. 1, ¶ 12]. There is no dispute that Kosilek's transfer and surgery — the material aspects of this case — have been achieved. Because Kosilek has already received the benefits of her requested injunctions, there is nothing left to enjoin, meaning that this court cannot provide her any meaningful relief. *See Am. C.L. Union of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 (1st Cir. 2013). Consequently, Kosilek's claims for injunctive relief are moot. *See Westerly Sch. Dist.*, 910 F.3d at 9.[2]

As for the possible prior violations of Kosilek's rights, declaratory relief is not warranted because a finding on past actions that are no longer continuing would be merely advisory. *See, e.g.*, *Am. C.L. Union of Mass.*, 705 F.3d at 53 (1st Cir. 2013) (once underlying dispute is moot, request for declaratory relief is also moot unless a substantial controversy of sufficient immediacy and reality remains). Kosilek seeks declaratory relief

---

[2] A case that would otherwise be moot may nonetheless remain "live" if it was mooted by the defendant's voluntary conduct and the defendant might later reverse that conduct. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Here, it is theoretically possible that the DOC could transfer Kosilek back to a male facility after this case closes. However, neither party has provided any evidence that the DOC contemplates such a transfer. Rather than keeping this case open to consider an injunction against a hypothetical future transfer, judicial economy will be served by allowing Kosilek to file a new action for an injunction if at some later time the DOC chooses to transfer her.

as to the DOC's refusal to transfer her to MCI-Framingham and to provide her with gender-affirming surgery. As discussed above, neither of these alleged rights violations are continuing, rendering Kosilek's request for declaratory relief moot. *See id.*

Finally, regarding Kosilek's claim for costs and fees, an interest in such costs is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (citing *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986)). Consequently, Kosilek's interest in costs cannot keep the case alive when her substantive claims are moot. Even if the court were to consider the request on the merits, 28 U.S.C. § 1927 only provides for an award of those *excess* costs and fees incurred because the opponent has engaged in vexatious multiplication of proceedings. *See Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, No. 17-cv-00840 (VSB), 2021 WL 2414872, at *4 (S.D.N.Y. June 11, 2021). This court does not consider the DOC to have engaged in vexatious multiplication of this matter, and, in any event, the initial costs and fees expended in bringing a lawsuit are not recoverable.

In sum, this action no longer presents a "live case or controversy," meaning that, pursuant to Article III of the United States Constitution, this court no longer has jurisdiction to decide its merits, meaning that it cannot enter judgment for either party. *See Sanchez-Gomez*, 138 S. Ct. at 1537; *Genesis Healthcare*

5

*Corp.*, 569 U.S. at 71-72; *Lewis*, 494 U.S. at 477; *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 451 (1st Cir. 2009).

## III. CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment is DENIED as moot.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: September 27, 2022