UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2022 OCT -3 PM 12: 55

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Michelle Lynne Kosilek<br>Plaintiff | )<br>)<br>) |
| V | )<br>) No. 18 CV-11838 DLC<br>) |
| Carol A Mici ,Commissioner<br>Massachusetts Department Of Correction<br>Defendant | )<br>)<br>) |

PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION
OF HER MOTION FOR INJUNCTIVE RELIEF

Now comes the plaintiff, and moves the Honorable Court to reconsider its denial of plaintiff's motion for injunctive relief. In support thereof, plaintiff offers the following:

With an apology to the Court for possibly being impertinent or worse, plaintiff believes that the Court has erred in its decision to deny plaintiffs Motion For Injunctive Relief, based on a stated false belief by the Court, in footnote 3 on page 12 of the Court's Memorandum, Document No.106, dated 9-26-22. The Court seems to be laboring under the misconception that the En Banc opinion --774 F.3d 63 -- was based on a belief that plaintiff would be housed at MCI-Norfolk after her surgery: Neither the defendant nor any jurist ever considered such an option.

The reality is that the defendant's Security Report and the opinion penned by Judge Juan Toruellla believed that plaintiff and others would not be safe at MCI-Framingham unless plaintiff was single-celled, based on the concerns of all that the emotional well-being of other women could be compromised. This is because many of them have been physically and emotionally abused by men, and many would still think of plaintiff as male. As plaintiff has

alluded to in her own filings, many of these women actually do feel this way, and avoid plaintiff because of a variety of concerns.

The En Banc opinion is rife with references to the above with the Court and Superintendent Lynn Bissonette all agreeing that plaintiff all would be better served if plaintiff were housed alone, preferably in the CCU, what prisoners call The Hole---Administrative Segregation. This was defendant's "most significant security concern." (Security Report)

Plaintiff's Motion For Injunctive Relief was simply a request to the Court to familiarize itself with the End Banc Panel's numerous references to those concerns (p 42 par 7; p 43 par 1; p 47 par 3; p 54 par 9; p 55 par 4; p56 par 1; p 58 par 2), and to order the defendant to abide by their stated concerns and the End Banc Panels intent. Since the population at Framingham is now less than 200 after some counties built female facilities at their jails, a single cell is now not a problem. Some prisoners are even housed alone simply because they are so annoying that no one can stand to live in the same cell with them. Single cells ARE available, so many that some housing units are closed!!

CONCLUSION

Accordingly, plaintiff moves for reconsideration of plaintiff's Motion For Injunctive Relief, so the intent of 774 F.3d 63 can be realized, as it was the defendant's to begin with, and the En Banc Panel agreed throughout their opinion that the plaintiff should be housed alone at Framingham after her surgery.

Respectfully Submitted,
*Michelle Lynne Kosilek*
Michelle Lynne Kosilek, Pro Se
Box 9007
Framingham, MA 01701